UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE YOUNG, | No. 2:17-cv-1744 GEB CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| S.K. HOESTENBACH, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

On May 11, 2015, plaintiff commenced 3:15-cv-1054 BEN MDD in the United States District Court for the Southern District of California seeking a writ of habeas corpus with respect to a conviction entered in Superior Court of San Diego County Case number SD145402. A

/////

review of the docket for 3:15-cv-1054 BEN MDD reveals that case was dismissed without prejudice on June 16, 2015 for several reasons, including failure to state a cognizable claim.

In this action, plaintiff claims that the case was not really dismissed without prejudice. Rather, plaintiff claims his petition for writ of habeas corpus was granted the day after he filed it, but the docketing clerk, defendant Hoestenbach, failed to docket the order. Plaintiff claims Hoestenbach did send the order, however, to the other defendant, Warden Lizarraga, the warden at plaintiff's place of incarceration, yet Lizarraga fails to adhere to the order. Plaintiff asks that the court recognize the granting of his petition for writ of habeas corpus, and order Lizarraga to release him from custody.

When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff cannot obtain release in a § 1983 action. The court will not convert plaintiff's § 1983 complaint to a petition for writ of habeas corpus under 28 U.S.C. § 2254 as such conversion would be pointless. Had the Southern District ordered that plaintiff be released, and had defendant Lizarraga refused to follow that order, it is at least arguable this court would have habeas jurisdiction. However, such allegations are "clearly baseless" and any claims predicated on plaintiff's allegations are not "facially plausible."

To the extent plaintiff is inclined to file lawsuits like this one in the future, he should be mindful of Rule 11 of the Federal Rules of Civil Procedure which generally permits courts to issue sanctions, including monetary sanctions, for the initiation of baseless lawsuits such as this.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

/////

3

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed with prejudice;

2. This case be closed; and

3. This case be found to constitute a "strike" under 28 U.S.C. § 1915(g) as plaintiff's complaint is frivolous, malicious and fails to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 27, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
youn1744.frs